Tuuley, J.
delivered the opinion of the court.
This is a proceeding in the county of Jefferson, against Joel Edmonds, to charge him with the support and maintenance of a bastard child. It appears nowhere in the record, that the child was born in the county, or is likely to become a charge upon the county. The affidavit of the mother discloses only the fact, that Joel Edmonds was the father of a bastard child, of which she was delivered on the 6th day of February, 1840. *95 The warrant, issued by the Justice before whom the information of the mother was lodged, contains nothing more specific than the affidavit, and the judgment of the Justices before whom the warrant was returned adjudged only that the defendant was guilty of begetting the bastard child as charged in the warrant. So in the proceedings in the County and Circuit Court, the defendant is adjudged the father, and an order made upon him for the maintenance of- the child; but it is stated in no part of the proceedings, that the child was born in the county of Jefferson, or that the county is legally chargeable with its support. By the provisions of the statute of ISth Elizabeth, ch. 3, it is enacted, “that two Justices of the Peace, whereof one to be of the quorum in or next, to the limits where the parish church is, within which parish the bastard shall be born, upon examination of the cause and circumstances, shall and may, by their discretion, take order, as well for the punishment of the mother and reputed father of such bastard child, as also for the relief of every such parish in part or in all; and shall and may likewise, by like discretion, take order for the keeping of every such bastard child, by charging such mother or reputed father with the payment of money weekly or other sustentation for the relief of such child in suchwise ■ as they shall think meet and convenient,” &c. Under this statute, it hath been adjudged in England, that the place of birth must be set forth in the order, because it may be born in a parish where the two Justices who made the order had no jurisdiction, and that it may appear that it was born in the parish to which the relief was ordered. Stile, 368; Dalt. 47; Bacon’s Ab. Bastardy. By the provisions of our act of 1741, chap. 14, any Justice of the Peace, upon his own knowledge, or upon the information made to him, that any single woman within his county is delivered of a child, may cause such woman to come before him, examine her on oath concerning the father; and in case such woman shall, upon oath before the Justice, accuse any man of being the father, and stand charged with the maintenance of the same, as the County Court shall order. Now, under this statute, the order of the County Court of the county comes in place of the order of the two Justices under the statute *96 of Elizabeth, and the same certainty must be required in the one that has been adjudged tobe required in the other. We have seen, that under the statute of Elizabeth the place of the birth must be set forth in the order made by the Justices; so it must be in the order made by the County Court, and for the same reasons, viz, that it may appear that the County Court had jurisdiction, and that the child was born in the county to which the relief was ordered. For the want of this, the order of the County Court was irregular and erroneous, for which it should have been quashed.by the Circuit Court, and remanded to the County Court. This was not done; but, on tbe contrary, the Circuit Court proceeded to take order upon the subject, which is equally irregular and erroneous, and for the same reason. We therefore reverse the judgment heretofore made in the case in the court below, and remand it to the County Court of Jefferson, to be proceeded in as the law directs.
.Note. — It mast appear, that the child was born in the parish for whose relief the order of bastardy is made. 1 Strange, 437; 2 Raymond, 1363; 9 East, 25; 13 East, 51. It is sufficient if it appear on any pari of the order. 6 Term, 148. Every reasonable intendment shall be made in favor of an order of bastardy. 3 East, 58; 8 Mass. 4.
See Kirkpatrick vs. The State, Meigs, 124; The Slate vs. Coatney, 8 Yerg. 210; Goddard vs. The State, 2 Yerger, 96; Steele vs. Register, 3 Haywood, 37 ; Ingram, vs. The State, 4 Haywood, 221; 1 Yerger, 92.